**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CR-11-296-D |
| ) | |
| **ANTOINE DEARUNDRE PARKER, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

On November 7, 2011, the Court conducted a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368, 376 (1964), regarding the voluntariness of certain statements allegedly made by Defendant Parker to Sergeants Jacob McClain and Russell Mock of the Oklahoma City Police Department. Having considered the testimony of Officers McClain and Mock and the parties' arguments, the Court finds as follows.

Defendant was arrested on March 8, 2011, in conjunction with the execution of a search warrant at 1218 NE 20th Street, Oklahoma City, Oklahoma. Defendant and other persons, none of whom resided in the home, were detained when officers executed the warrant. In securing the premises, officers conducted a pat down search, at which time they discovered a quantity of ecstasy in the pocket of Defendant's pants. In conducting the search Sergeant McClain lifted a jacket off of a kitchen table and, discovered it was heavier than expected. As a result, he looked in the pocket and found a Colt .38 pistol. Addressing all of the occupants of the house, Sergeant McClain inquired which of them owned the gun, and none of the persons detained responded to his inquiry. Thereafter, Officer McClain made a

statement to the effect that if no one would acknowledge ownership of the weapon, he would have to hold them all accountable. One of the men, not Defendant, began to cry about the possibility of getting into trouble.

Sometime shortly thereafter Defendant requested permission to use the bathroom. While he was being escorted to the bathroom he stated to Sergeant McClain that the gun and drugs were his and no one else was involved. Sergeant Mock heard Defendant make the statement, which was not in response to questioning by officers.

After permitting Defendant to use the bathroom, Sergeant Mock took Defendant outside and advised him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant acknowledged his understanding, waived his right to remain silent, and thereafter admitted that the gun and the ecstasy belonged to him. He denied ownership of marijuana that had been found in the bathroom. Defendant asks the Court to determine the voluntariness of his two statements admitting ownership of the pistol.

Under *Jackson v. Denno*, 378 U.S. 368 (1964), when a defendant timely objects to the admission of an incriminating statement, he must receive a hearing outside the presence of the jury to determine "both the underlying factual issues and the voluntariness of his confession." *Id*. at 380. The burden is on the government to prove by a preponderance of the evidence that the statements were voluntary. *See United States v. Pettigrew*, 468 F.3d 626, 633 (10th Cir.2006); *United States v. Muniz*, 1 F.3d 1018, 1021 (10th Cir.1993).

The issue of "voluntariness" is determined by "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation."

*Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). Relevant facts concerning the accused might include his age, education, intelligence, and prior experience with law enforcement; relevant facts concerning the interrogation might include advice to the accused concerning his constitutional rights, the length of detention, the location of the interrogation, the repeated or prolonged nature of the questioning, and the conduct of law enforcement officers. *See id.*; *see also Yarborough v. Alvarado*, 541 U.S. 652, 668 (2004); *United States v. Perdue*, 8 F.3d 1455, 1466 (10th Cir.1993); *Muniz*, 1 F.3d at 1022. The critical question is whether Defendant's statement was freely made or whether his "will has been overborne and his capacity for self-determination critically impaired." *Schneckloth*, 412 U.S. at 225; *Perdue*, 8 F.3d at 1466; *Muniz*, 1 F.3d at 1022; *see also United States v. Lopez*, 437 F.3d 1059, 1063 (10th Cir.2006).

Having conducted the hearing requested by Defendant, the Court finds that the first statement Defendant made to Sergeants McClain and Mock was voluntary. There is no evidence that the Defendant's detention was inordinately long before he was permitted to use the bathroom, which Sergeant McClain testified was not typical but rather was being done out of courtesy. As noted, without any questioning or prompting, Defendant admitted while walking to the bathroom that the pistol was his. Although the admission came after the question of ownership was posed to the group, there is no evidence that Defendant was singled out for questioning, and Sergeant McClain had asked only that single question. Additionally, there is no evidence that Defendant was in any manner subjected to physical punishment. Accordingly, the Court finds that under the totality of the circumstances

presented by the evidence, the first incriminating statement by Defendant was freely and voluntarily made.

Defendant's request for a *Jackson* hearing implicated another issue, addressed by defense counsel in argument; whether Defendant's statements should be excluded pursuant to *Miranda*. Pursuant to *Miranda*, a suspect must be informed of certain rights whenever he is interrogated in police custody, including the right to counsel. When a suspect knowingly and intelligently waives his right to counsel after receiving the *Miranda* warnings, he may be questioned by law enforcement. *Davis v. United States*, 512 U.S. 452, 457 (1994). Although the United States argues that Defendant was not in custody for *Miranda* purposes at the time Sergeant McClain asked who owned the gun, the Court disagrees. Defendant was handcuffed and unable to leave the house at that time, and the Court has no difficulty concluding that he was in custody.

The Court finds however, that the first incriminating statement made by Defendant was not made in response to any inquiry by Sergeant McClain. Sergeant McClain testified that no one responded when he asked who owned the pistol. Thereafter Defendant spontaneously volunteered that it was his gun. "On its own terms, *Miranda* applies only to custodial interrogations. Thus, *Miranda* rights need only be given to a suspect at the moment that suspect is in custody and the questioning meets the legal definition of interrogation." *United States v. Jones*, 523 F.3d 1235, 1239 (10th Cir. 2008)(brackets, citation, and internal

quotation marks omitted).[1]  *Miranda* does not bar the admission of voluntary statements that are not in response to police interrogation.  *West v. Jordan*, 346 Fed.Appx. 312, *4 (10th Cir. Sept. 11, 2009).  Accordingly, the Court concludes that *Miranda* does not bar admission of Plaintiff's statement of ownership while he was inside the home.

With regard to his second admission of ownership, Defendant concedes that he was properly advised of his *Miranda* rights, which he waived before repeating the incriminating statements.  Although officers are not permitted to interrogate a suspect without issuing *Miranda* warnings until he confesses and then follow the interrogation with *Miranda* warnings and a subsequent confession, *see Missouri v. Seibert*, 542 U.S. 600 (2004), this is not what happened to Mr. Parker.  The record in this case does not reflect that a "two-step interrogation was used in a calculated way to undermine the *Miranda* warning."  *Id.* at 622 (Kennedy, J. concurring in the judgment).  Rather, following a spontaneous and voluntary statement, Defendant was given his *Miranda* warnings and again confessed.  Furthermore, the circumstances surrounding the Defendant's statements to officers following waiver of his *Miranda* rights indicate that his statements at that time were voluntary as well.  The same factors set forth above apply; and at the time Defendant confessed he was sitting outside the home, he had been advised of his rights and waived them, there is no evidence that his capacity to speak was impaired in any way, there was no prolonged detention or questioning, and again no allegation of any threats of physical force against him.  Accordingly, the Court

---

[1] Defendant argued that this case was not subject to the exception set forth in *New York v. Quarles*, 467 U.S. 649 (1984), which permits officers to ask questions under certain circumstances, without first advising a suspect of his *Miranda* rights.  The Court agrees that the *Quarles* exception does not apply.

concludes that Defendant's admissions of ownership of the gun given outside the home are admissible as well.

For the reasons set forth herein, the Court concludes that the statements made by Defendant were voluntary and thus are admissible..

IT IS SO ORDERED this 8th day of November 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE